UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SARA HAUSMANN,

          Plaintiff,

v.                         Case No. 8:18-cv-391-T-33AAS

CAREMARK, LLC, ET AL.,

          Defendants.
_____/

## ORDER

This cause comes before the Court upon review of the file. For the reasons that follow, the Court remands this action to the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida pursuant to 28 U.S.C. § 1447(c) because this Court lacks subject matter jurisdiction.

## Discussion

Plaintiff Sara Hausmann alleges that she attempted "to receive a prescription for her birth control" on April 13, 2016, at Holiday CVS, LLC Target Pharmacy #3257. (Doc. # 2 at ¶ 9). The prescription medication birth control was unavailable, so the pharmacist recommended another birth control to Hausmann. (Id. at ¶ 10). Hausmann alleges that Defendants "breached the duty owed to Plaintiff when the incorrect prescription medication was provided to Plaintiff." (Id. at ¶ 12). Hausmann claims to have

1

"suffered injuries and damages" as follows: "(1) conscious pain and suffering in the past and in the future; (2) loss of past and future earnings and earning potential; (3) past and future medical expenses; (4) mental anguish; (5) loss of capacity for the enjoyment of life; (6) physical injuries; (7) disability; (8) aggravation of a previously existing condition; and (9) any other damages that this Court deems appropriate." (Id.at ¶ 14). Count I of her Complaint seeks damages for negligence against CVS and Holiday CVS, LLC Target Pharmacy #3257. Count II of her Complaint seeks to hold Target vicariously liable because "CVS was the agent, servant and/or subsidiary of Target acting within the scope of the ownership agreement between the parties." (Id.at ¶ 16).

Defendants removed the case from the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida on February 15, 2018, predicating jurisdiction on complete diversity of citizenship. (Doc. # 1). When jurisdiction is premised upon diversity of citizenship, 28 U.S.C. § 1332(a) requires, among other things, that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." "If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." Williams v. Best Buy Co., 269 F.3d

1316, 1319 (11th Cir. 2001). Further, if "damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." Lowery v. Ala. Power Co., 483 F.3d 1184, 1208 (11th Cir. 2007).

Hausmann does not make a specified claim for damages. (Doc. # 2 at ¶ 1) (generally alleging damages exceeding $15,000). However, Defendants' Notice of Removal alleges the jurisdictional amount is met because "it is facially apparent from the complaint itself that the amount in controversy exceeds the jurisdictional minimum." (Doc. # 1 at 4). Nothing could be further from the truth. The Complaint and Notice of Removal provide no information about the nature of Hausmann's alleged injury.

The Court is aware that "district courts are permitted to make reasonable deductions and reasonable inferences and need not suspend reality or shelve common sense in determining whether the face of a complaint establishes the jurisdictional amount." Keogh v. Clarke Envtl. Mosquito Mgmt., Inc., No. 8:12-cv-2874-T-30EAJ, 2013 U.S. Dist. LEXIS 20282, at *4-5 (M.D. Fla. Jan. 17, 2013)(internal citations omitted). Overall, the record is devoid of evidence to suggest that Hausmann's damages from this incident exceed the $75,000 amount in controversy threshold. Compare Kilmer v. Stryker Corp., No. 5:14-cv-456-Oc-34PRL, 2014 U.S. Dist. LEXIS 152072, at *8-10 (M.D. Fla. Oct. 27, 2014)(denying motion

to remand and finding that the jurisdictional threshold was satisfied when past medical expenses totaled $72,792.93, and the record showed that plaintiff experienced pain and suffering associated with a failed knee replacement after the accident in question).

The Court recognizes that Hausmann has listed the following categories of damages in her Complaint: pain and suffering, loss of earnings, and earning potential, medical expenses, mental anguish, loss of capacity for the enjoyment of life, physical injury, disability, aggravation of a preexisting injury, and other damages. However, as noted, the Court has not been provided with any information about these broad categories of damages. And, the manner in which Hausmann has described these categories of damages is so vague and inexact that the Court would be required to engage in rank speculation to ascribe these damages with any monetary value. For instance, the Court does not know whether Hausmann suffered from an allergic reaction to the new medication, whether Hausmann experienced a drug interaction with another substance, or whether the new birth control was ineffective at preventing a pregnancy. The Court should not be required to wade into the deep waters of speculation in conducting its jurisdictional calculus.

As a further example, the Court notes that Hausmann claims the loss of the ability to earn money, but the Court has not been supplied with information as to whether she is employed and, if so, the nature of her wages or her occupation. Similarly, she seeks redress for "disability," and other damages, yet the file before the Court lacks information to support these allegations. See Robinson v. Peck, No. 1:14-cv-1628-WSD, 2014 U.S. Dist. LEXIS 159198, at *11-12 (N.D. Ga. Nov. 12, 2014)(granting motion to remand in slip and fall action where plaintiff "allege[d] a generic scattershot list of unspecified damages," which included personal injury, pain and suffering, mental anguish, loss of the capacity for the enjoyment of life, impaired ability to labor, loss of earning capacity, incidental expenses, expenses for medical treatment, future medical expenses and permanent injury).

In a case such as this, where "plaintiff makes an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement." Roe v. Michelin N. Am. Inc., 613 F.3d 1058, 1061 (11th Cir. 2010). As explained above, Defendants fall short of meeting this burden. The Court, finding that it lacks subject matter jurisdiction, remands this case to state court.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The Clerk is directed to **REMAND** this case to the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida.

(2) The Clerk is further directed to terminate any previously scheduled deadlines and hearings, and thereafter **CLOSE THIS CASE.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 16th day of February, 2018.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE